MOSK, J.
I generally concur in the opinion of the court.
I write separately to note a single point of disagreement.
The Fourth Amendment to the United States Constitution expressly requires a search warrant to “particularly describ[e] the place to be searched.” (Italics added.) It impliedly requires it to accurately describe it as well. The “primary purpose” of these requirements is “to minimize the risk that officers executing search warrants will by mistake search a place other than the place intended by the [issuing] magistrate.” (2 LaFave, Search and Seizure (3d ed. 1996) Description of Place, § 4.5, p. 513.)
I agree with the other members of the court that the search warrant in this cause adequately satisfied the requirements of particular and accurate description of the placed to be searched.
But, unlike my colleagues, I would not rely on the fact that the officer who executed the search warrant happened to be the person who subscribed to the supporting affidavit and, as such, happened to know the place to be searched of his own personal knowledge, notwithstanding the inaccuracies in the warrant’s description. A search warrant’s description of the object premises is sufficiently accurate if, and only if, it reasonably minimizes the risk of a mistaken search. A search warrant—like the one here—generally permits any officer to effect its execution, not only the affiant. The fortuity that the risk of a mistaken search does not result in an actual mistaken search because of the personal knowledge of the executing officer does not negate the risk itself. Neither does it cure any inaccuracy in the description. If it did, an altogether inaccurate description could be deemed sufficiently accurate simply on the theory that the executing officer knew the object premises of his own personal knowledge. True it is that “courts have . . . taken into account facts known by the executing officer but not specifically stated in the affidavit, as where the executing officer was also the affiant and the *399 affidavit shows that the affiant had previously been to the [object] premises . . . (2 LaFave, Search and Seizure, supra, Description of Place, § 4.5(a), p. 525.) None, however, has stated any persuasive reason for doing so. Neither can I discern any. It is the contents of a description that determines its accuracy. The contents are not affected by the personal knowledge—or personal ignorance—of the executing officer.